1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **DISTRICT OF NEVADA**

10

11   JOHN THEODORE ANDERSON,

12        Plaintiff,                                   Case No. 2:11-CV-00851-KJD-CWH

13   v.                                                **ORDER**

14   PAUL CRIFASI , *et al*.,

15        Defendants.

16

17

18        For the reasons set forth below, the Court dismisses the Complaint (#1) in this action *sua*

19   *sponte*.

20   I. Background

21        Plaintiff John Theodore Anderson is a frequent litigant in the District of Nevada.  Hon. Judge

22   James C. Mahan recently dismissed two cases filed by Plaintiff and awarded sanctions against him

23   for harassing and frivolous filings. (See 11-cv-00058-JCM-LRL Doc. 24.)  Plaintiff has two cases

24   pending before this Court: Case No. 2:11-cv-00849-KJD -PAL and Case No. 2:11-cv-00851-KJD-

25   CWH.  Paul Crifasi is a defendant in both cases and additional defendants are named in this action.

26

1   II.  Discussion

2           A.  Pro Se Parties

3           Plaintiff is representing himself *pro se*.  Courts must liberally construe the pleadings of *pro se*

4   parties.  See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990).  However, it is well

5   established that  "[p]ro se litigants must follow the same rules of procedure that govern other

6   litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987); Jacobsen v. Filler, 790 F.2d 1362, 1364

7   (9th Cir.1986) ("pro se litigants in the ordinary civil case should not be treated more favorably than

8   parties with attorneys of record.").  Further, *pro se* litigants must supply a minimum factual basis for

9   the claims they assert against defendants.  Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir.

10  1995).

11          B.  Failure to Comply with Fed. R. Civ. P. 8

12          Fed. R. Civ. P. 8(a) states:

13  A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court
14  already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief;
15  and
    (3) a demand for the relief sought, which may include relief in the alternative or different
16  types of relief.

17          Confusing, distracting, ambiguous, and unintelligible pleadings "should not be permitted to

18  stand in the face of the positive language of our Federal Rules of Civil Procedure." Schmidt v.

19  Herrmann, 614 F.2d 1221, 1224, (9th Cir. 1980)(dismissing complaint for failure to comply with

20  Fed. R. Civ. P. 8)  Long, irrelevant, and unclear complaints ... "impose unfair burdens on litigants

21  and judges" and waste time "prejudicing litigants in other case who follow the rules." McHenry v.

22  Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (upholding dismissal of convoluted complaint and noting

23  that "the rights of the defendants to be free from costly and harassing litigation must be

24  considered.")(quotations omitted).

25          Plaintiff's Complaint (#1) fails to satisfy even the most generous reading of the Federal

26  Rules. The Complaint, which is styled "Verified Petition for Libel Review/Judicial Review 'Within

2

1   the Admiralty' and 'In Rem' Action Pursuant to 28 USC 1333 and 1337," is not comprehensible.

2   Plaintiff seeks $98,870,597.00 in damages and other relief for a variety of claims, including the

3   purported failure of the United States Postal Service to deliver four letters.  The Complaint lacks a

4   "short and plain statement of the claim." It does not give the minimum factual basis for the claims

5   asserted.  Instead the Complaint contains legal arguments, incoherent assertions, and unrecognized

6   claims for relief.  The Complaint also contains more than one hundred pages of attachments which

7   Plaintiff characterizes as "evidence." The failure to intelligibly state a factual basis for the claims is

8   sufficient grounds for the Court to dismiss the complaint.

9           Plaintiff also fails to adequately provide a statement of the Court's jurisdiction.  District

10   courts are under a continuing duty to establish their own subject matter jurisdiction and may *sua*

11   *sponte* dismiss actions whenever it appears jurisdiction is lacking.  Franklin v. Oregon State Welfare

12   Div., 662 F.2d 1337, 1342 (9th Cir.1981).  Plaintiff asserts jurisdiction under admiralty, but the

13   complaint does not appear to have any connection to maritime contracts or maritime torts.[1]  See

14   Mediterranean Shipping Company, S.A. v. NingboToptrade Imp., 2008 WL 1723183 (9th Cir. 2008)

15   (extent of maritime jurisdiction limited to maritime contracts and torts).  Accordingly, the Complaint

16   is dismissed.

17           C.  Dismissal with Prejudice

18           In several lawsuits in this district, Plaintiff has demonstrated an inability or unwillingness to

19   comply with the Federal Rules of Civil Procedure.  A complaint which fails to comply with Fed. R.

20   Civ. P. 8 may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Nevijel v. North Coast

21   Life Ins. Co. 651 F.2d 671 (9th Cir. 1981).  However, prior to dismissing a complaint with prejudice,

22   district courts should first endeavor to adopt less drastic alternatives. Industrial Building Materials,

23   Inc. v. Interchemical Corp., 437 F.2d 1336, 1339 (9th Cir. 1970).  Accordingly, the Court will permit

24   Plaintiff to file an amended complaint only if Plaintiff is represented by an experienced and licensed

25

26           [1] Plaintiff made a similar unsupported assertion of admiralty jurisdiction before Judge Mahan and the case was
     dismissed *sua sponte.*  (See 11-cv-00050-JCM-LRL Doc. 19.)

1  attorney.  If Plaintiff, acting through counsel, decides to file an amended Complaint, it must comply

2  in every respect with the Federal Rules of Civil Procedure.  Any amended Complaint should be filed

3  on or before Tuesday December 27, 2011. Failure to file in accordance with this Order will result in

4  dismissal with prejudice.

5        **IT IS HEREBY ORDERED** that the Complaint (#1) is **DISMISSED**.

6        **IT IS FURTHER ORDERED** that Plaintiff, acting through counsel, may file an amended

7  complaint that complies in every respect with this Order and the Federal Rules of Civil Procedure by

8  December 27, 2011.  Failure to do so will result in dismissal of the action with prejudice.

9        DATED this 13th day of December 2011.

10

11

12  _____

13  Kent J. Dawson
   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

4